PARKER *v.* COLLINS *et al.*

(*Supreme Court, General Term, Second Department.* July 13, 1890.)

ACCORD AND SATISFACTION.

In an action to foreclose a mortgage for $1,700, it appeared that, at the time it was given, the mortgagee had a lien on the property for over $2,000, and that $200 was then paid to the mortgagee. Several witnesses testified that, at the time of the payment and the giving of the mortgage, both parties thereto stated that the payment and mortgage were in full settlement of mortgagee's claim. The mortgagee testified to the same effect. The mortgagor testified that the mortgage was given merely to secure mortgagee's claim, and that the amount thereof was to be thereafter adjusted. *Held*, that it was properly found that there was a full settlement.

Appeal from judgment on report of referee.

Action by Sophie G. Parker against Theresa B. Collins and others brought in Kings county court. From a judgment for plaintiff defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*T. J. & R. J. Tilney,* (*Horace Graves,* of counsel,) for appellants. *Asa W. Parker,* for respondent.

BARNARD, P. J. The complaint is an ordinary complaint in an action for the foreclosure of a mortgage, and the full amount of the mortgage, with interest upon it, was claimed to be due. The defendant Theresa B. Collins, her husband, and defendant Dieter answered, and claimed that only $900 was due upon the mortgage. This is probably the effect of the answer, although the averment therein is "that the sum of $900 only has been advanced upon said bond and mortgage, and that amount only, with interest from May 5, 1889, is due thereon." The mortgage was given to defendant O'Keefe, and assigned to the plaintiff. Upon the trial the defendants asked of the plaintiff's husband what was paid by Mrs. Parker to O'Keefe for the mortgage. If the answer was framed to prove under its averments that only $900 was paid for the mortgage, that fact, if true, would constitute no defense. The trial before the referee developed a great conflict between the witnesses. Theresa B. Collins was building a house. O'Keefe had done work and furnished materials for its construction, and had put on a lien for a balance claimed by him to be due. The lien was for $2,197.23. On the 5th of May, 1888, the husband and agent of Mrs. Collins, Mr. Parker, the plaintiff's husband, and O'Keefe, met at Mr. Parker's office. Two hundred dollars was paid by Collins to O'Keefe, and a mortgage was given (the one in question) for $1,700, having a year to run without interest. The question of fact, and the only material one, was whether the O'Keefe lien was paid by the mortgage and the $200, or was $200 paid and the $1,700 mortgage given to secure the claim of O'Keefe to be subsequently adjusted. Parker, O'Keefe, and Doodey all testify that the payment of costs and the $1,700 mortgage were given in unconditional settlement of the claim. Mr. Collins testifies to the contrary. The referee had found that the mortgage was given in settlement of the lien. This

is in accordance with the probabilities of the case. O'Keefe had a lien, and the interest was to remove it. Almost $300 was deducted from his claim, besides the interest on the mortgage for a year, so as to give opportunity to the owner to sell the house and pay the mortgage. The bond and mortgage call for unconditional payment of the amount of the mortgage. When the mortgage was given the $200 was paid, at Collins' request, by Parker to O'Keefe, accompanied by a statement made by both O'Keefe and Collins that the mortgage and cash paid are in full settlement of the claim between Collins and O'Keefe. The defendants' testimony would not agree with the answer. Assuming its accuracy, there was but $700 due of principal. The judgment should be affirmed, with costs.